**SO ORDERED.**

**SIGNED this 06 day of August, 2012.**



_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| CHRISTIAN D. WERNESS and JILL WERNESS, | 10-08397-8-SWH |
| DEBTORS | |
| | |
| CHARLES KUBASKO, MARGARET D. MELIN, CRABTREE CHIROPRACTIC CLINIC, | ADVERSARY PROCEEDING NO. |
| | 11-00390-8-SWH |
| Plaintiffs, | |
| v. | |
| ALLIED PROFESSIONALS INSURANCE COMPANY, | |
| Defendant. | |

**ORDER ALLOWING MOTION TO DISMISS**

The matter before the court in this adversary proceeding is defendant Allied Professionals Insurance Company's ("Allied") Motion to Dismiss or, in the Alternative, Motions for Mandatory and Permissive Abstention. A hearing took place in Raleigh, North Carolina, on June 11, 2012. For the reasons that follow, Allied's motion to dismiss for lack of jurisdiction will be allowed.

BACKGROUND

On July 2, 2010, Margaret D. Melin ("Melin") initiated a civil action in Wake County Superior Court in which she set out medical malpractice claims against the male debtor, Christian D. Werness ("debtor"), Crabtree Chiropractic Clinic ("Crabtree"), and Charles Kubasko ("Kubasko"), a chiropractor affiliated with Crabtree.  The debtor did not respond to the complaint.  The debtor and his wife subsequently filed a joint petition seeking relief under chapter 7 of the Bankruptcy Code on October 13, 2010, and received a discharge on February 22, 2011.  An entry of default was made against the debtor in the state court case on April 11, 2011, and the debtor moved to set aside the entry of default on September 19, 2011.[1]

On December 21, 2010, a joint stipulation seeking court approval of an agreement for relief from the stay was filed by the debtor, Melin, and the state court defendants Kubasko and Crabtree. The movants requested that the court lift the automatic stay to provide that Melin, Kubasko, and Crabtree "may continue in their civil action against Debtor Christian Werness in the appropriate non-bankruptcy court to recover damages for this claim, but shall be limited in recovery to the limits provided pursuant to the malpractice insurance agreement between Debtor Christian Werness and Allied Professionals Insurance Company A Risk Retention Group, Inc."  The court approved the stipulation in an order dated December 22, 2010 ("the December Order").

The debtor received his discharge on February 22, 2011.  On April 6, 2011, counsel for Allied informed the debtor that there was no coverage for Melin's claim against him because in the

---

[1] The court was informed that a hearing on the motion to set aside would take place in August 2012, but the court has not been advised of the result of such a hearing or the current status of the matter.  Because no party has requested that this court determine whether the entry of default violated the discharge injunction, and because such a determination would have no significance to the matter before the court, no such analysis has been undertaken.

2

context of the debtor's Chapter 7 bankruptcy, the December Order provided that Melin "may not seek any recovery from the Debtors, personally," which Allied construed to mean that "there cannot be any sums which '[the debtor] shall become legally obligated to pay as damages,'" such that "there is no potential for coverage regarding the Claim."  Aff. of Rick Cigel, Ex. A (Letter from Rick A. Cigel to Christian D. Werness of April 6, 2011).

Upon motion of Allied, the December Order was amended, on May 24, 2011, to address Allied's concerns that the order as written could imply that Allied "has already been adjudged to be liable for any settlement or verdict," or might be interpreted to waive or alter provisions of the insurance policy and/or defenses that might be available to Allied.  Allied's Mot. to Alter or Amend Order Approving Stip. Agmt to Mod'n of Stay dated April 21, 2011 at ¶ 5 and 6.  Using language requested by Allied, the amended order recited that nothing in the order "shall be deemed to waive any legal or equitable defenses or counterclaims which [Allied] may assert in defense of any claims against it or the insured or to otherwise make any findings or decisions affecting the merits of the claims asserted in the case."

On December 23, 2011, plaintiffs Melin, Crabtree and Kubasko initiated this adversary proceeding seeking a declaration that: 1) the debtor was required to carry professional liability insurance with limits of not less than one million dollars per occurrence; and 2) that Allied issued an insurance policy to the debtor that covers Melin's claims and any potential indemnification or contribution claims by Kubasko and Crabtree.  Plaintiffs further requested that the bankruptcy court "declare all rights and obligations of the parties arising under the [insurance] [p]olicy."

On March 5, 2012, Allied filed a motion to dismiss, or in the alternative, motions for mandatory and permissive abstention.  Allied contends that this court lacks subject matter

3

jurisdiction over the dispute and that venue is improper, and further that if jurisdiction is present, then either the mandatory or permissive abstention provisions of 28 U.S.C. § 1334(c) preclude the court from deciding the matter. Plaintiffs disagree, and both sides have filed memoranda of law. Meanwhile, on April 12, 2012, the trustee filed his final report in the bankruptcy case, and the case was closed on April 13, 2012.

For the reasons that follow, the court concludes that it has no jurisdiction to hear the adversary proceeding and the motion to dismiss will be allowed on that basis. The court also notes that the perceived effect of the December Order plays a significant role in the parties' efforts to assess the extent of coverage under the debtor's policy with Allied. The authority to clarify or further modify that order to more clearly set forth the intent of the parties, upon request of a party in interest, remains, of course, with this court.

## DISCUSSION

Under 28 U.S.C. § 1334(b), federal district courts have original but not exclusive jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." These matters generally are referred from the district courts to the bankruptcy courts and, upon referral, bankruptcy court judges may hear and determine "all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11," 28 U.S.C. § 157(b)(1), as well as any proceeding that is "not a core proceeding but that is otherwise related to a case under title 11." 28 U.S.C. § 157(c)(1); see General Order of Reference entered by the District Court for the Eastern District of North Carolina on August 3, 1984.

This adversary proceeding does not arise under title 11. Jurisdiction "arising under" title 11 encompasses cases where "the Bankruptcy Code itself creates the plaintiff's cause of action or 'if

4

the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal bankruptcy law.'" Suntrust Bank v. Roberson (In re Baseline Sports, Inc.), 393 B.R. 105, 121 (Bankr. E.D. Va. 2008) (quoting Gates v. Didonato (In re Gates), 2004 WL 3237345 *2 (Bankr. E.D. Va. 2004)).  In this matter, the plaintiffs' causes of action are not created by the Bankruptcy Code and no substantial questions of federal bankruptcy law are present.

Jurisdiction over "arising in" cases under title 11 exists in proceedings that "are not based on any right expressly created by Title 11, but nevertheless, would have no existence outside of the bankruptcy," or, put another way, a "'controversy arises in Title 11 when it would have no practical existence but for the bankruptcy.'"  Grausz v. Englander, 321 F.3d 467, 471 (4th Cir. 2003) (emphasis by the court) (quoting A.H. Robins Co. v. Dalkon Shield Claimants Trust, 86 F.3d 364, 372 (4th Cir. 1996)).  The civil suit existed before the debtor filed his bankruptcy petition, and the adversary proceeding to determine the existence, extent and nature of coverage, together with other aspects of the policy, obviously is separate from and not dependent upon the bankruptcy case for its existence.  Jurisdiction over this adversary proceeding cannot be established through the "arising in" language of § 157(b)(1).

Jurisdiction "related to" cases under title 11 is established pursuant to a more expansive standard, and exists in those cases where the outcome of the proceeding "could conceivably have any effect on the estate being administered in bankruptcy." In re Celotex Corp., 124 F.3d 619, 626 (4th Cir. 1997), quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984).  There is no way that the declaratory judgment sought in the adversary proceeding or a resolution of the state court matter could affect the administration of the estate.  The December Order lifted the stay to permit the movants to continue the civil action pending in Wake County "against Debtor Christian Werness

5

through his medical malpractice carrier," and stipulated that "[t]o the extent a verdict or settlement is not recovered from [Allied] and owed by Debtor Christian Werness, Movants may seek recovery only through the bankruptcy proceeding." The bankruptcy case was closed on April 13, 2012. Nothing further remains to administer with regard to the bankruptcy estate,[2] and the declarations that the plaintiffs request of this court with regard to the rights and obligations of the debtor and Allied under the insurance policy cannot conceivably have an effect on the estate.

Accordingly, Allied's motion to dismiss is **ALLOWED** as set forth above.

**SO ORDERED.**

**END OF DOCUMENT**

---

[2] The Consent Order on Objection to Claim No. 6 entered on December 16, 2011, definitively states that there shall be no recovery by Melin from the estate, but preserves the right of Melin to pursue recovery against Allied.